NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1249

SCOTT BONARRIGO & another[1]

vs.

JOSEPH LEKACH & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from a Superior Court corrected judgment awarding the plaintiffs $800,000 in damages, plus interest, on claims related to an agreement to form a cannabis business and the subsequent freeze-out of the plaintiffs from that business. The damages amount included $400,000 pursuant to a jury verdict on plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, and $400,000 awarded by the judge on plaintiffs' equitable claim for breach of fiduciary duty.

---

[1] Mark Thomas.

[2] Daniel Karten; Artcan, LLC; and AC Mass, LLC.

On appeal, the defendants argue that the amounts awarded on the two claims were impermissibly duplicative, i.e., represented compensation for the same harm, the freeze-out of the plaintiffs. The defendants argue that the harm could rationally be valued at $400,000 or slightly more, but certainly not double that amount. We agree with the plaintiffs that the issue is waived, and we therefore affirm the judgment.

Background. At trial the parties agreed that the jury and the judge would resolve separate aspects of the plaintiffs' claims. The jury would resolve questions of both liability and damages (if any) on the contract and implied covenant claims and only the question of liability on the fiduciary duty claim.[3] The judge reserved for herself the question of damages or other relief[4] on the fiduciary duty claim; the jury verdict on that issue would be advisory only.

The special verdict form, as completed by the jury, raised what the judge characterized as an unanticipated question. On the implied covenant claim, the jury found the defendants liable

_____

[3] The jury ultimately found no breach of the parties' contract, so we do not discuss that claim further.

[4] Although the fiduciary duty claim is equitable in nature, Brodie v. Jordan, 447 Mass. 866, 871 (2006), the parties have referred to certain relief available on that claim as "damages." While a term such as restitution might be more appropriate, we adopt the parties' usage for purposes of this decision.

2

and awarded damages of $400,000.  On the fiduciary duty claim, the jury found the defendants liable and awarded damages of $400,000.  Outside of the presence of the jury, but before they were dismissed, the judge raised with the parties the question whether the two amounts were duplicative.  The defendants argued briefly that they were; the plaintiffs argued that they were not.  The judge then announced her intention to ask the jury a supplemental question:  whether the damages awarded on the two claims were "the same damages."  Defense counsel responded, "[t]hat's acceptable," and the plaintiffs' counsel agreed, after which the judge remarked, "[t]hat will clear it up for appellate review."

The jury were then asked that supplemental question and quickly returned with the answer:  "No they are not the same[.] $800,000 total for the plaintiffs."  Defense counsel then asked whether judgment would be entered on the verdict, to which the judge replied that it would.  Defense counsel responded, "[t]hank you."  Plaintiffs' counsel, noting that the $400,000 fiduciary duty verdict was to be advisory, asked if the judge intended to adopt that verdict; the judge replied that she did. She then asked whether there was any objection; two of the defendants' counsel replied that there was not.  The judge asked, "[y]ou want to think about it?"  The defendants' counsel reiterated, "[w]e have no objection."  The judge pressed

3

further, asking whether the defendants wanted her to decide the issue, and noting that she could choose to award something other than $400,000, such as an interest in one of the defendant LLCs. The defendants' counsel again said, "[n]ope . . . [w]e're satisfied with the verdict." Judgment then entered, followed by a corrected judgment adjusting the prejudgment interest calculation. The defendants appealed.

Discussion. "An issue not raised or argued below may not be argued for the first time on appeal" (citation omitted). Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). Here, the defendants' response to the initial verdict was to argue that the damages were impermissibly duplicative. See Szalla v. Locke, 421 Mass. 448, 453 (1995). But when the judge proposed to resolve that question by putting it to the jury, the defendants agreed that doing so was "acceptable."

When the jury then answered the supplemental question by making clear that the damages were not duplicative, and the judge announced her intention to adopt their verdict rather than deciding independently what relief to award on the fiduciary duty claim, the defendants repeatedly and expressly agreed. At no time did the defendants renew their argument that the damages amounts were duplicative, or voice any objection to the jury's verdict as clarified by their answer to the supplemental question, or ask the judge to do anything other than enter

4

judgment in accordance with the verdict.  It is too late to do so now.  See Carey, 446 Mass. at 285.

This waiver rule is no empty formality.  At least in the circumstances of this case -- which involved complex claims and a five-week trial -- the question whether the damages are duplicative is far better resolved by the trial judge in the first instance than by an appellate court working from a cold record.  We would be most reluctant to hazard a judgment on the question without first knowing the judge's view of it.[5]

More particularly, the defendants argue that the evidence could rationally support damages of $400,000 or slightly more for the freeze-out, but not twice that amount; the plaintiffs argue that the evidence could well support damages of $800,000 or more for the freeze-out; and the defendants attack the plaintiffs' calculations as reverse-engineered and implausible.  Yet the defendants never asked the judge to rule on that complicated question.  Although the judge stated during trial (outside of the presence of the jury) that she believed the

---

[5] "Questions concerning inadequate or excessive damages are initially within the discretion of the trial judge and should ordinarily be raised by bringing a motion for a new trial." Pridgen v. Boston Hous. Auth., 364 Mass. 696, 715 (1974). Absent a motion raising the issue in the trial court, an appellate court is not required to consider it.  Id.  Much the same could be said of the duplicative damages question the defendants now ask us to decide.

plaintiffs "should walk away with a million each," and although her decision to adopt the jury's verdict on fiduciary duty damages embodies an implicit conclusion that the amounts specified by the jury were not duplicative, we do not have her view on the detailed, evidence-based arguments the defendants now ask us to resolve.[6]

We conclude that the judge was not "fairly put on notice as to the substance of the issue" the defendants now press. Chelsea Hous. Auth. v. McLaughlin, 482 Mass. 579, 584 (2019), quoting Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000). The defendants "did not sufficiently raise the issue below and [are] therefore barred from raising it on appeal." Boss v. Leverett, 484 Mass. 553, 562 (2020).

---

[6] To whatever extent the judge may have adopted the jury's verdict without exercising independent judgment, we would be required to "[i]ndulg[e] . . . every reasonable intendment in favor of the verdict[]" (quotation and citation omitted). Charles River Constr. Co. v. Kirksey, 20 Mass. App. Ct. 333, 343 (1985). See Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 413 (2013). To the extent the judge made an independent decision that the amount chosen by the jury was supported by the evidence, and that it was preferable to adopt it rather than calculate her own, perhaps higher, figure that might create an issue for appeal, we would not overturn that decision absent a showing of abuse of discretion. Because, however, the defendants did not press any duplicative damages claim after the jury answered the supplemental question, we do not have the judge's evaluation of the damages evidence to assist us in resolving either of the issues just mentioned.

We address two further points raised by the defendants on the waiver issue. First, we do not view the judge's comment that asking the supplemental question would "clear it up for appellate review" as an assurance that any duplicative damages argument made by the defendants was preserved for appeal. The judge had not yet made any ruling on the issue, which would be the usual occasion for commenting that a party's objection to a ruling was preserved. Rather, we understand the judge to have been remarking that the jury's answer to the supplemental question would be useful in the event either party chose to appeal the damages award, once it was resolved at trial. The defendants then accepted the jury's and judge's resolution of that question.

Second, the defendants argue that "[a]n appeal may be taken of a judgment on the basis that it constitutes duplicative damages without needing to have first objected to the lack of a duplicative damages jury instruction." For this they cite Szalla, 421 Mass. at 453-454. In that case, however, "[a]fter the verdicts, but before the jury were discharged, the defendant requested clarification on whether the verdicts were cumulative. The judge denied the defendant's request, stating that the verdicts spoke for themselves." Id. at 453. On appeal, the court held that the verdicts were indeed impermissibly duplicative. Id. at 454. Here, in contrast, the jury were

7

asked to and did clarify whether the damages they had awarded were duplicative, after which the defendants made no further request for action by the judge, agreeing instead that judgment should enter in accordance with the verdicts.  Nothing in <u>Szalla</u> allows the defendants to reverse course now.[7]

<u>Corrected judgment affirmed</u>.

By the Court (Sacks, Smyth & Wood, JJ.[8]),

Clerk

Entered: October 2, 2025.

---

[7] The plaintiffs' request for appellate attorney's fees and double costs is denied; costs shall be taxed pursuant to Mass. R. A. P. 26 (a), as appearing in 481 Mass. 1655 (2019).

[8] The panelists are listed in order of seniority.